UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 10-701

**Caption [use short title]**

**Motion for:** striking items from Appellant's appendix

Zerilli-Edelglass v. New York City Transit Authority

Set forth below precise, complete statement of relief sought:

This is a motion to strike items from Appellant's appendix that were not included in the record below.

**MOVING PARTY:** New York City Transit Authority
☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**OPPOSING PARTY:** Teresa Zerilli-Edelglass (pro se)

**MOVING ATTORNEY:** Richard Schoolman, Esq. and Kristen Nolan, Esq.
**OPPOSING ATTORNEY:** Ms. Zerilli-Edelglass' address is:
[name of attorney, with firm, address, phone number and e-mail]

New York City Transit Authority
130 Livingston St., 12th Fl.
Brooklyn, NY 11201    richard.schoolman@nyct.com
(718) 694-4667/5720    kristen.nolan@nyct.com

15 Skylark Dr.
Jackson, NJ 08527
(732) 833-8538
tedelglass@aol.com

**Court-Judge/Agency appealed from:** Hon. Nina Gershon - Eastern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): Per Rule 27.1 (d), Appellant is pro se

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes ☑ No
Has this relief been previously sought in this Court?  ☐ Yes ☑ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
_____ Date: 1/19/11    Has service been effected?  ☑ Yes ☐ No [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is GRANTED DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____    By: _____

Form T-1080

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------X

TERESA ZERILLI-EDELGLASS,

            **Plaintiff-Appellant,**

-against-

NEW YORK CITY TRANSIT AUTHORITY,
and MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY

            **Defendants-Appellees.**

------------------------------------------------------------X

10-701-cv

**MOTION TO STRIKE PORTIONS OF APPELLANT'S APPENDIX**

## INTRODUCTION

Defendants-Appellees New York City Transit Authority and Manhattan and Bronx Surface Transit Authority (collectively, "Transit Authority") move to strike items in Plaintiff-Appellant Zerilli's appendix not included in the record below.

## STATEMENT OF FACTS

Exhibits D, J and L of Ms. Zerilli's appendix were not presented to the district court, by any party, in the Transit Authority's motion for summary judgment, or at any other time. *See* Nolan Dec. at ¶ 3. Further, Exhibits G and K to Ms. Zerilli's appendix (Worker's Compensation Board orders) contain handwritten comments (presumably added by Ms. Zerilli)

#1322276

not found on the versions of those documents presented to the district court. *See* Nolan Dec. at ¶ 4.

## ARGUMENT

"The appendix may include *only* material from the record." 20A *Moore's Federal Practice,* § 330.12[2] (Matthew Bender 3d ed.)(emphasis added). Courts of Appeals will strike material from an appendix where the material was not part of the record of the trial court. *See, e.g., Bahrami v. Ketabchi*, 365 Fed. Appx. 266, 267 (2d Cir. 2010).

Here, appendix exhibits D, J, L and the handwritten portions of exhibits G and K were not part of the record below. Therefore, exhibits D, J and L should be stricken from the appendix, and the handwritten material on exhibits G and K should be deemed stricken.

#1322276

## CONCLUSION

In conclusion, the Transit Authority respectfully requests that exhibits D, J, L and the handwritten portions of exhibits G and K be stricken from Ms. Zerilli's appendix.

Dated: January 19, 2011

                                          Respectfully submitted,

                                          Kristen Nolan
                                          Richard Schoolman
                                          Office of the General Counsel
                                          New York City Transit Authority
                                          130 Livingston Street – 12th Fl.
                                          Brooklyn, NY 11201
                                          (718) 694-5720/4667
                                          Attorneys for Defendants-Appellees
                                          New York City Transit Authority and
                                          Manhattan and Bronx Surface Transit
                                          Operating Authority

#1322276